IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NEWCHOPS RESTAURANT COMCAST LLC, doing business as Chops | : : : | No. 2:20-CV-01949-TJS |
| Plaintiff, | : : | |
| v. | : : : | CIVIL ACTION |
| ADMIRAL INDEMNITY COMPANY | : : | |
| Defendant. | : : | |

**DEFENDANT ADMIRAL INDEMNITY COMPANY'S MOTION
FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)**

Defendant Admiral Indemnity Company ("Admiral"), by and through its attorneys, files the following Motion for Judgment on the Pleadings, and states as follows:

1. On April 17, 2020, NewChops Restaurant Comcast LLC, d/b/a/ Chops ("NewChops") filed its Complaint. (*See* ECF #1).

2. On May 26, 2020, Admiral filed a timely answer. (*See* ECF #13).

3. The pleadings are closed, and this matter is ripe for disposition.

4. Admiral moves this Honorable Court to enter Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) in Admiral's favor based upon the following grounds.

5. The Complaint seeks a declaratory judgment that NewChops is entitled to insurance coverage for claimed business income losses allegedly caused by the Coronavirus global pandemic and resulting orders issued by the Governor of Pennsylvania and the Mayor of Philadelphia ("Governmental Orders") mandating that restaurants not permit in-person dining. NewChops primarily argues that the Civil Authority provisions of the insurance policy issued by Admiral

("Admiral Policy" or "Policy") provide coverage for these losses. It also suggests that it might be entitled to business income losses "in the event that Coronavirus has directly or indirectly caused a loss or damage" at the premises described in the Policy or in the immediate area of the described premises.

6. The Policy contains an endorsement entitled "Exclusion of Loss Due to Virus or Bacteria," which excludes coverage for all "loss or damage caused by or resulting from any virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease." Accordingly, there is no coverage under the plain terms of the Policy for any loss or damage of any kind claimed by plaintiff.

7. The Civil Authority coverage provided by the Policy applies, subject to all of the terms, conditions, exclusions and limitations of the Policy, only "[w]hen a Covered Cause of Loss causes damage to property other than property at the described premises" and NewChops incurs "an actual loss of Business Income" or "necessary Extra Expense" "caused by action of civil authority that prohibits access to the described premises." The Governmental Orders on which NewChops relies for coverage did not "prohibit access" to its property within the meaning of the Policy, as NewChops was allowed to remain open for the purpose of providing take-out and delivery services to customers.

8. As relevant to this dispute, the Civil Authority coverage provided by the Policy also requires that NewChops prove that the Governmental Orders were issued as a result of damage to property within one mile of the described premises in the Policy, here the location of the Chops restaurant, and that the Governmental Orders were taken in response to "dangerous physical conditions resulting from the damage or continuation of the Covered Cause of Loss that caused the damage." The Governmental Orders attached to the Complaint do not assert that physical

damage has occurred to property within this one-mile radius or that the Governmental Orders were issued in response to dangerous physical conditions resulting from the damage or continuation of the Covered Cause of Loss that caused the damage.  Rather, the Orders reflect that they were issued to forbid congregation or close contact of individuals and to slow transmission of the COVID-19 disease.

9.      The Admiral Policy requires plaintiff to demonstrate that "direct physical loss of or damage to property" has occurred either to NewChops's own described premises or to property within one mile of the described premises that gives rise to the Governmental Orders.  Plaintiff acknowledges in the Complaint that it is not seeking a declaration of damage to its own property and there are no plausible allegations pleaded in the complaint that physical damage has occurred to property within one mile of the Chops restaurant, much less that this damage was the impetus for the Governmental Orders.  For this and the other reasons cited above, plaintiff is not entitled to insurance coverage as a matter of law for any of the business losses it alleges in the Complaint, including any Business Income or Extra Expense coverage of any type.

10.     As such, pursuant to Fed. R. Civ. P. 12(c), Admiral is entitled to judgment as a matter of law declaring that the Admiral Policy does not provide coverage for the claims alleged in NewChops's Complaint.

11.     In support of its motion, Admiral relies on the attached brief, which is incorporated herein as though set forth in full.

**WHEREFORE**, Admiral Indemnity Company requests that this Court enter judgment in its favor and against NewChops Restaurant Comcast LLC, d/b/a Chops, and enter the attached Order, declaring that the Admiral Policy does not provide insurance coverage for the claims set forth in NewChops's Complaint.

         Respectfully Submitted,

         **GOLDBERG SEGALLA LLP**

Date:  June 5, 2020     /s/ *Eric A. Fitzgerald*
         Eric A. Fitzgerald, Esquire
         Attorney ID No.: 72590
         Hillary N. Ladov, Esquire
         Attorney ID No.: 315833
         1700 Market Street, Suite 1418
         Philadelphia, PA 19103
         267-519-6800
         efitzgerald@goldbergsegalla.com
         hladov@goldbergsegalla.com

         Antonia B. Ianniello (pro hac vice pending)
         John F. O'Connor (pro hac vice pending)
         STEPTOE & JOHNSON LLP
         1330 Connecticut Avenue, N.W.
         Washington, D.C. 20036
         202-429-3000
         aianniello@steptoe.com
         joconnor@steptoe.com

         *Attorneys for Defendant*
         *Admiral Indemnity Company*

**CERTIFICATE OF SERVICE**

  I certify that on this 5th day of June, 2020, I caused a true copy of the foregoing to be filed with the Court's CM/ECF system, which automatically serves a copy on the below-listed counsel of record:

    Richard M. Golomb, Esq.
    Kenneth J. Grunfeld, Esq.
    GOLOMB & HONIK, P.C.
    1835 Market Street, Suite 2900
    Philadelphia, PA 19103

    Arnold Levin, Esq.
    Frederick Longer, Esq.
    Daniel Levin, Esq.
    LEVIN SEDRAN & BERMAN, L.L.P.
    510 Walnut Street, Suite 500
    Philadelphia, PA 19106-3697


      /s/ *Hillary N. Laodv*
      Hillary N. Ladov